IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RICARDO ROMERO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-595-R |
| | ) | |
| **PRO SECURITY, LLC d/b/a EVENT** | ) | |
| **SECURITY, LLC, EVENT SECURITY,** | ) | |
| **LLC, JACOB ARGRAVES,** | ) | |
| **BACKWOODS PRODUCTIONS, LLC,** | ) | |
| **a/k/a BACKWOODS MUSIC FESTIVAL** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This case arises from a September 2015 altercation at the Backwoods Music Festival, an overnight campout and weekend concert set outside Stroud, Oklahoma. The altercation began when Plaintiff Ricardo Romero, a manager for one of the bands performing at the Festival, allegedly tried to exit the Festival grounds. Anthony Creek, who had allegedly been hired as a security guard by either Pro Security, LLC, or Event Security, LLC, seriously cut Mr. Romero's upper arm with a knife or scissors while trying to remove Mr. Romero's festival-wristband. Doc. 15, at 3–4. Mr. Romero asserts claims for negligent hiring, training, and supervision against all Defendants, and a claim for respondeat-superior negligence against Mr. Argraves, Event Security, and Pro Security. Mr. Romero argues that his injuries stem from Defendants' decision to hire former felons, such as Creek, who lacked the required state license, to serve as security guards. *Id*. at 3. All Defendants have

1

moved for partial judgment on the pleadings, arguing that Oklahoma law forecloses Plaintiff's claim for negligent hiring, training, and supervision. Doc. 37. In addition, Defendant Jacob Argraves has moved to dismiss the claims against him. Doc. 38.

The Court applies the same standard in deciding both Motions. "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). And in deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court considers whether, per the pleading requirements of Rule 8(a)(2), the complaint contains a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (internal quotation omitted). Further, the Court "must accept all the well-pleaded allegations of the complaint . . . and must construe them in the light most favorable to the [non-moving party]." *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014).

The Court first addresses Defendant Jacob Argraves's Motion to Dismiss. Argraves, allegedly the sole member and manager of Pro Security, argues that Oklahoma law precludes him from being held liable for the debts or liabilities of Pro Security or Event

Security.[1] He points to Okla. Stat. tit. 12, §§ 682(B), (C) for the proposition that his status as a member of Pro Security cannot serve as the basis for imposing liability on him given the fact that there currently is not an unsatisfied judgment against his company:

> No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, *until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied*. This provision includes, but is not limited to, claims based on vicarious liability and alter ego.
> 
> Okla. Stat. tit. 12, § 682(B) (emphasis added).

Section 682(C) extends identical protections to members and managers of limited liability companies.[2] And considering that Okla. Stat. tit. 18, § 2022 provides that a member of an LLC is not liable for the obligations of the company solely by his or her status as a member or manager, Oklahoma law is quite clear that Mr. Argraves will not face liability for his actions taken in his official capacity for Pro Security and Event Security. In other words,

---

[1] At this point, the Court will pause to note that there seems to be genuine confusion, more appropriate for resolution at trial, about Mr. Argraves's relationship to Pro Security and Event Security. The Complaint alleges that Mr. Argraves owned Pro Security and was a former employee or contractor for Event Security. The contract Backwoods entered into for security services, however, was with Event Security. Doc. 15, ¶ 3; Doc. 43, Ex. 3. Defendants contend that Mr. Argraves is the sole member and owner of Pro Security, and that Event Security is simply the trade name under which Pro Security does business. Doc. 37, at 2. Adding to the confusion is the fact that Event Security was at one point registered with the Oklahoma Secretary of State to do business but that on August 20, 2015, when it contracted with Backwoods, it was inactive. Doc. 43, Ex. 1. It would later reactivate on September 1, 2015—four days before the incident with Mr. Romero. It also appears that Mr. Argraves did not register Pro Security with the Oklahoma Secretary of State until August 25, 2015—after he signed the Backwoods contract but before the Romero incident. Doc. 47, Ex. 1. The Court takes judicial notice of these dates. *See U.S. v. Iverson*, 818 F.3d 1015, 1028 (10th Cir. 2016).

[2] "Members and managers of limited liability companies shall be afforded the same substantive and procedural protection from suits and claims as the protections provided to officers, directors and shareholders of a corporation as set forth in subsection B of this section." Okla. Stat. tit. 12, § 682(C).

Mr. Argraves contracting with Backwoods to provide security, Doc. 15, ¶¶ 3, 17—all done on behalf on Event Security—cannot serve as the basis of tort liability.

Mr. Romero, though, insists that Mr. Argraves was not acting in an official capacity with Event Security when he signed the contract with Backwoods because Event Security was at the time an inactive entity. He insists that, as a result, "the liability shield afforded to members of LLCs [such as Mr. Argraves] was not in effect when the contract[] [was] executed." *AT&T Advertising, L.P. v. Winningham*, 280 P.3d 360, 365 (Okla. Civ. App. 2012). That would be the case if Mr. Romero was suing Event Security or Pro Security for breach of contract. If so, Mr. Argraves could not claim the protections of officer- or member-immunity by way of a corporation that did not exist at the time of contracting. But he's not. (Mr. Romero, after all, is not even a party to the contract.). Instead, Mr. Romero seeks to hold Mr. Argraves personally liable for the alleged negligence of Pro Security and Event Security that occurred on September 5, 2015, when its employee allegedly cut Mr. Romero. On that day, however, Pro Security and Event Security were active entities. The claims against Mr. Argraves are therefore dismissed.

The second Motion before the Court is Defendants' Motion for Judgment on the Pleadings. All Defendants argue that Mr. Romero's claims for negligent hiring, training and supervision fail as a matter of Oklahoma law. Defendants point to *Jordan v. Cates*, in which the Oklahoma Supreme Court held that "where the employer stipulates that liability [exists] under the *respondeat superior* doctrine . . . any other theory for imposing liability on the employer [is] unnecessary and superfluous." 935 P.2d 289, 293 (Okla. 1997). In other words, under *Jordan* an employer cannot be held liable for negligent hiring and

retention if the employer admits that its employee acted within the scope of its employment in injuring the plaintiff and the employer could therefore be liable under the doctrine of respondeat superior. *Id.*; *see also see Cardenas v. Ori*, No. CIV–14–386–R, 2015 WL 2213510, *2–3 (W.D. Okla. May 11, 2015) (relying on *Jordan* to grant summary judgment to employer on Plaintiffs' claims for negligent hiring, training, supervision, and retention and nothing that "federal courts in Oklahoma generally have extended *Jordan* to negligence claims"). So long as Defendants stipulate that they would be liable for Creek's negligence under respondeat superior, the claim for negligent hiring, training, and supervision fails as a matter of law.

The question is whether Defendants have made this stipulation. Pro Security's and Event Security's Joint Answer first states that Mr. Creek's actions would fall outside the scope of his employment with Pro Security and/or Event Security. Doc. 19, ¶ 17. Yet the Defendants claim near the end of their Answer that in light of *Jordan,* Mr. Romero's claim for negligent hiring, training, and supervision fails. *Id*. at ¶ 24. Pro Security's Responses to Plaintiff's Requests for Admissions, Doc. 37, also admits to respondeat superior liability, as does their Motion for Judgment on the Pleadings. The Court will therefore construe this as an admission by Pro Security and Event Security that they may be held liable for the negligence of Creek. Given that stipulation and the precedent of *Jordan v. Cates,* Pro Security and Event Security cannot face liability under a negligent hiring, training, or supervision theory.

Mr. Romero, however, insists that *Jordan* does not apply. He cites a 1994 Third Circuit decision involving 42 U.S.C. § 1983 claims for the idea that an employee need not

5

commit a constitutional violation for its governmental employer to be held liable for its injurious conduct. *Fagan v. City of Vineland*, 22 F.3d 1283 (3d Cir. 1994). His point seems to be that his claims for negligent hiring and training may not be superfluous if the jury were to find that Pro Security and Event Security were not liable for the actions of Mr. Creek by way of respondeat superior. He insists that as a result he may require both theories to establish entity liability given the absence of vicarious liability.

This is wrong for several reasons. One, there is no absence of vicarious liability here: Defendants have stipulated to it. Two, the Oklahoma Supreme Court's express reasoning in *Jordan* was that "[b]ecause vicarious liability can include liability for punitive damages, the theory of negligent hiring and retention imposes no further liability on [an] employer." *Jordan*, 935 P.2d at 293. In other words, a plaintiff does not need a direct negligence claim against an employer to recover punitive damages because he may do so by successfully litigating his respondeat superior claim. So too for Mr. Romero. Three, his analogy to 42 U.S.C. § 1983 and reliance on *Fagan* is misguided. Aside from the fact that there is no respondeat superior liability under 42 U.S.C. § 1983 (meaning that imposing employer liability calls for more than an unconstitutional act by an employee-state actor), the Tenth Circuit has rejected *Fagan* in holding that a "claim of inadequate training [and] supervision . . . under § 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation by the person supervised. " *Trigalet v. City of Tulsa, Oklahoma*, 239 F.3d 1150, 1154 (10th Cir. 2001). Mr. Romero's claims against Pro Security and Event Security for negligent hiring and training are thus superfluous because they may face liability under the principle of respondeat superior.

On the other hand, the claim for negligent hiring and training against *Backwoods* is not superfluous. Without this claim, Mr. Romero has no way to recover against Backwoods since he has not asserted negligence through respondeat superior against the company. (Nor would it make much sense to do so: Mr. Creek was not an employee of Backwoods). The negligent hiring and training claim against Backwoods will therefore remain.

In conclusion, Defendant Argraves's Motion to Dismiss [Doc. 38] claims against him is GRANTED. Defendants' Motion for Partial Judgment on the Pleadings [Doc. 37] is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 9th day of May 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE